**Andreda GOLDEN, Plaintiff–Appellant,**

v.

**HUBBELL INCORPORATED, a Connecticut corporation, aka Hubbell Lighting, Inc.; et al., Defendants–Appellees.**

No. 08–35541.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 11, 2009.*

Filed Aug. 19, 2009.

Andreda Golden, Spokane, WA, pro se.

Leslie R. Weatherhead, Geana Van Dessel, Witherspoon Kelley Davenport & Toole, PS, Spokane, WA, Linda Mae Inscoe, Esquire, Latham & Watkins, LLP, San Francisco, CA, for Defendants–Appellees.

Before: KLEINFELD, M. SMITH, and IKUTA, Circuit Judges.

MEMORANDUM **

Andreda Golden appeals pro se from the district court's order dismissing for failure to state a claim her action seeking benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Paulsen v. CNF Inc.,* 559 F.3d 1061, 1071 (9th Cir.2009). We affirm.

█ The district court properly dismissed the action with prejudice as to defendant Hubbell Inc. because it is not a proper defendant under 29 U.S.C. § 1132(d)(1). *See Madden v. ITT Long Term Disability Plan for Salaried Employees,* 914 F.2d 1279, 1287 (9th Cir.1990)

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(dismissing action against employer because ERISA permits suits to recover benefits only against an employee benefit plan).

 The district court properly dismissed the action without prejudice as to defendant Hubbell Incorporated Retirement Plan for Collectively Bargained Hourly Employees because Golden never submitted an application for benefits and therefore failed to exhaust administrative remedies. *See Diaz v. United Agric. Employee Welfare Benefit Plan & Trust,* 50 F.3d 1478, 1483 (9th Cir.1995) (requiring exhaustion in suits brought under ERISA). Even if the documents that Golden submitted to Hubbell's Plan Manager are construed as an application, she did not exhaust the Plan's internal review procedures. *See id.* (explaining that "a claimant must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court").

 The district court did not abuse its discretion by denying Golden's motion for reconsideration because Golden did not identify any new evidence, change in law, clear error, or manifest injustice. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1262–63 (9th Cir.1993) (reviewing district court's denial of a motion to reconsider for an abuse of discretion and setting forth requirements for reconsideration).

**AFFIRMED.**